# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff, | : | CASE NO. 2: 21 CV 5587 |
| v. | : | JUDGE SARGUS |
| MICHAEL JASON MEADE, | : | MAGISTRATE JUDGE VASCURA |
| Defendant. | : | |

## PLAINTIFF'S MOTION FOR SUMMARY REMAND

Now comes the State of Ohio and moves this Court to Order the summary remand of the captioned matter to the Franklin County Court of Common Pleas for further proceedings as it clearly appears on the face of the defendant's Notice and the exhibits annexed thereto that removal should not be permitted. A Memorandum in Support of this Motion is attached hereto and incorporated herein.

Respectfully requested,

/s/ H. Tim Merkle
H. Tim Merkle   0023458
Special Prosecutor
522 N. State Street, Suite A
Westerville, OH 43082
Phone: (614) 839-5700
Fax: (614) 839-4200
Email: htm@ejhlaw.com

/s/ Gary S. Shroyer
Gary S. Shroyer 0023439
Special Prosecutor
580 S. High St., Suite 300
Columbus, OH 43215
Phone: (614) 221-5500
Fax: 614-221-5590
Email: gary@shroyerlaw.com
Attorneys for Plaintiff

**MEMORANDUM IN SUPPORT**

On December 2, 2021, the Franklin County Grand Jury returned a three-count indictment against the defendant Michael Jason Meade charging him with two counts of Murder, a violation of 2903.02 of the Ohio Revised Code and one count of Reckless Homicide, a violation of 2903.041 of the Ohio Revised Code. The indictment arose from then Franklin County Deputy Sheriff Meade's shooting and killing of Casey Christopher Goodson, Jr. on December 4, 2020, as Mr. Goodson entered his home at 3996 Estates Place on the northeast side of Columbus in Franklin County Ohio.[1]

The defendant—now retired from the Franklin County Sheriff's Department—was arraigned in the Franklin County Court of Common Pleas on Friday, December 3, 2021. He entered a plea of not guilty to the charges in the indictment. He was released from custody after he posted a $250,000 bond that the court set at his arraignment earlier in the day.

Following his arraignment, the defendant filed a Notice of Removal to this Court pursuant Title 28 U.S.C. Section 1442 (a). The burden rests with the defendant to establish the grounds for removal. While in certain instances, a criminal defendant who is a federal officer may remove to federal court a state prosecution of which he is the subject, removal is not automatic. Title 28 U.S. C. Section 1455 sets forth the procedure for removal of criminal prosecutions and the initial obligation of the district court. Section 1455 (4) directs:

> The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

---

[1] The defendant shot Mr. Goodson five times in the back and one time in the right buttock through a side storm door as Mr. Goodson entered his home. The pattern for all six shots was back to front and upward. The investigation revealed no evidence, other than a self-serving statement by the defendant that Mr. Goodson posed a threat to the defendant at the time of the shooting.

If the district court does not order summary remand, then Section 1455 (5) directs the court to order an evidentiary hearing to determine if the removal should be permitted. Initially the state court may proceed while the removal is pending, but it may not enter a judgment of conviction unless the removal is remanded. Section 1455 (3). If removal is permitted the district court must notify the state court and the state court "shall proceed no further." Section 1455 (5).

Section 1442 requires two preconditions for federal jurisdiction. First, the defendant must be a federal officer and second the alleged criminal conduct must be committed under "the color of office." In addition, the Supreme Court in *Mesa v. California*, 489 U.S. 121, 129 (1989) explained that to successfully remove a state criminal prosecution, a defendant must raise a "colorable federal defense." In *Mesa*, the State of California charged two postal workers with misdemeanors—vehicular manslaughter and driving outside a laned roadway after they, in separate incidents, collided with a bicyclist and a police car. The letter carriers argued that their cases should be removed under Section 1442 (a) because they were "acting in the course and scope of [their] employment" (i.e., "color of office") for the federal government at the time of the accidents.

The Supreme Court unanimously rejected this argument, finding that the appropriate inquiry centered not on their employment but upon whether the carriers alleged a colorable federal defense. *Mesa,* at p. 129. The Court stated that the granting of federal jurisdiction is reserved for when "true state hostility . . . was specifically directed against federal officers' efforts to carry out their federally mandated duties." *Mesa,* at p. 139. The Court emphasized a strong judicial policy against the federal courts disrupting state criminal proceedings. *Mesa,* at p. 138 (quoting *Arizona v. Manypenny*, 451 U.S. 232, 243 (1981)). Thus, the Court concluded that the mere fact that a postal worker committed a state crime in the course of federal employment

3

was itself insufficient to invoke removal jurisdiction.

The absence of any one or more of the prerequisites requires a district court to remand the matter to the state court. In this instance, the Court need look no further than the face of the Notice to order a summary remand.

In his Notice of Removal, the defendant claims that his assignment to the United States Marshal's Southern Ohio Fugitive Apprehension Strike Team (SOFAST) made him a federal employee at the time of the shooting and that he was acting as a federal law enforcement officer when the shooting happened. The defendant claims that since he was a federal officer acting under the color of his office, his actions were justified because the shooting and killing of Mr. Goodson was necessary and proper for him to do in performing his federal duties. As a result, the defendant claims he has established a colorable federal defense to the prosecution—Supremacy Clause immunity.

However, his Notice and the attached exhibits fail to establish his claim. Exhibit B of the Notice is the Presidential Threat Protection Act of 2000 which authorized the creation of Fugitive Apprehension Task Forces. It provides as follows in pertinent part:

> **SEC. 6. FUGITIVE APPREHENSION TASK FORCES.**
>
> (a) IN GENERAL. — The Attorney General shall, upon consultation with appropriate Department of Justice and Department of the Treasury law enforcement components, establish permanent Fugitive Apprehension Task Forces consisting of Federal, State, and local law enforcement authorities in designated regions of the United States, to be directed and coordinated by the United States Marshals Service, **for the purpose of locating and apprehending fugitives**. [Emphasis supplied.]

The law creating the task force establishes a specific purpose: the locating and apprehending of fugitives.

Similarly, Exhibit A of the Notice is a Memorandum of Understanding (MOU) between

the United States Marshal and the Franklin County Sheriff that sets forth the relationship of the sheriff's deputies and the Marshal service. The MOU provides a description of the duties of the task force. To do so the MOU takes the exact language from The Presidential Threat Protection Act of 2000 when it states that:

> "the Attorney General shall, upon consultation with appropriate Department of Justice and Department of the Treasury law enforcement components, establish permanent Fugitive Apprehension Task Forces consisting of Federal, State, and local law enforcement authorities in designated regions of the United States, to be directed and coordinated by the United States Marshals Service, **for the purpose of locating and apprehending fugitives**." [Emphasis supplied.]

The defendant bears the burden of establishing the necessary prerequisites. The Notice and its exhibits, (the implementing legislation and SOFAST's MOU) serve only to establish that the defendant was authorized to apprehend fugitives.

According to the Notice, the defendant was returning to his office following an attempt to locate and apprehend a fugitive when he encountered Mr. Goodson. Notice, at p. 7. As a result of what he claims to have observed, the defendant was seeking "to detain him [Mr. Goodson] for a field interview and/or place him under arrest for improper handling of a firearm in a motor vehicle and aggravated menacing," which are state of Ohio offenses. Notice, at p. 10. Mr. Goodson was ***not*** a fugitive and the defendant's interaction with him was ***not*** "for the purpose of locating and apprehending fugitives."

Plainly a review of the face of the Notice reveals that the defendant has not established that he acted in the course and scope of his duties as a federal task force officer for SOFAST when he shot and killed Mr. Goodson. Likewise, the facts do not clearly support a finding that he was even a federal officer at the time of the offense given that his activities as a SOFAST member had concluded for the day and members of the task force were leaving the field. Nevertheless, he must prevail on all prerequisites, and he has failed to do so.

Accordingly, this Court should issue an order of summary remand of the matter to the Franklin County Court of Common Pleas. Should this Court not order summary remand then the State of Ohio requests that it conduct an evidentiary hearing to determine the validity of the defendant's claims that he was a federal law enforcement officer at the time of the offense, that he was acting under color of office, and that he had a colorable federal defense when he shot and killed Mr. Goodson.

Respectfully submitted,

/s/ H. Tim Merkle
H. Tim Merkle   0023458
Special Prosecutor

/s/ Gary S. Shroyer
Gary S. Shroyer 0023439
Special Prosecutor

## **CERTIFICATE OF SERVICE**

I certify that the foregoing was electronically filed with the Clerk of Courts for the United States District Court for the Southern District of Ohio using the CM/ECF system, which will send notification of such filing to Steven S. Nolder, Attorney for Defendant, SCOTT & NOLDER, 65 East State Street, Suite 200, Columbus, Ohio 43215; Mark C. Collins and Kaitlyn C. Stephens, Attorneys for Defendant, MARK C. COLLINS CO., L.P.A., 150 E. Mound Street, Suite 308, Columbus, OH 43215 this 7th day of December 2021.

/s/ H. Tim Merkle
H. Tim Merkle 0023458