

# United States Marshals Service POLICY DIRECTIVES

## INVESTIGATIVE OPERATIONS

8.9     **ARRESTS**

A.     **Authority:** 18 U.S.C. § 3053 states, "United States Marshals and their deputies...may make arrests without warrant for any offense against the United States committed in their presence, or for any felony cognizable under the laws of the United States if they have reasonable grounds to believe that the person to be arrested has committed or is committing such felony." See also 28 U.S.C. § 566(d).

B.     **Executing an Arrest**

    1.     To arrest, is to take into legal custody, seize, hold by legal authority or physical restraint, a person for the purpose of requiring that person to answer for an offense he or she is alleged to have committed.

    2.     The initial contact with the person to be arrested is very important and can be most dangerous. Therefore, wherever possible, an arrest should be effected by sufficient law enforcement personnel to insure the safety of all participants, (b)(7)(E) [REDACTED]

    3.     The deputy in charge of planning the arrest will consider whether circumstances dictate informing the local authorities in advance. When it can be anticipated that additional assistance will be required to carry out the arrest effectively and with maximum safety, the deputy-in-charge should solicit local police assistance.

    4.     The arresting deputy shall properly identify himself or herself, preferably by exhibiting his or her badge and credentials, to the offender and by making known his or her purpose and reason for the arrest. However, this procedure is contingent upon the circumstances and physical condition of the offender.

    5.     In approaching the person to be arrested, the arresting deputy should be forceful to the extent necessary to control the situation. The deputy should physically restrain the person when announcing their intention to effect the arrest.

    6.     The arresting deputy shall not debate issues with the person arrested, and as soon as possible should remove the arrestee to an inconspicuous location which offers as few avenues of escape as possible.

    7.     The degree of force used is based on the totality of the circumstances confronting the deputy. The arresting deputy must avoid the use of unnecessary force or wanton severity in accomplishing the arrest; however, he or she should meet resistance with a sufficient degree of force to subdue any opposition and prevent escape. Any degree of force used to effect any arrest may also be used to prevent any escape and retain custody of the prisoner.

  8. The most common method of securing the prisoner is the use of handcuffs. An arresting deputy should never underestimate a prisoner and should remain constantly alert regardless of the status or condition of the arrestee.

C. **Search**

  1. The arresting deputy should make a preliminary search of the prisoner immediately following the arrest to determine whether he or she is armed, concealing a means of escape, and to ensure that he or she does not have the opportunity to dispose of evidence.

  2. The arresting deputy should exercise extreme care when searching members of the opposite sex to avoid possible charges of sexual assault or molestation. Pat down searches and searches incident to a valid arrest may be performed by deputies of the opposite sex in extenuating circumstances and when a deputy of the same sex is not available. In this case, the search will be made in the presence of another person and documented using USM-210, *Incident Report*.

  3. Under no circumstances should a prisoner be granted any privileges before the preliminary search has been completed.

  4. The discovery of one weapon on the prisoner should not deter the arresting deputy from completing the preliminary search for other weapons or dangerous instruments.

  5. A more detailed search of the prisoner should be accomplished after the person is delivered into custody for processing and incarceration.

D. **Advisement of Rights**

  1. If a prisoner is to be interviewed, the arresting deputy shall read the prisoner his or her constitutional rights in a language the prisoner can understand, using the warning rights card provided to each deputy, or a suitable substitute.

  2. The prisoner should sign the written acknowledgment of their understanding of these rights before the interview begins. Forms USM-308, *Waiver of Rights: Spanish* and USM-309, *Waiver of Rights* may be used for this purpose.

  3. If the prisoner refuses to sign the Waiver of Rights Form but still wishes to make a statement, the deputy will take the statement and note the prisoner's refusal to sign the form.

E. **Appearance Before a Magistrate Judge**

  1. A deputy making an arrest, either with or without a warrant, must take the arrestee before the nearest U.S. Magistrate Judge, local Judge, or other officer as empowered under 18 U.S.C. § 3041, without unnecessary delay (Rule 5a, FRCP). This statute does not apply for Federal Parole Violation Warrants unless there is a question of identity.

  2. If the arrest has been effected without a warrant, it is required that the arresting deputy file a complaint as soon as practicable. Failure to comply with these requirements may result in non-prosecution of the violator.

F. **Complaint**

1. The complaint is a written statement of essential facts describing an offense charged, made under oath before a magistrate judge or other officer empowered to commit persons charged with offenses against the United States. (See Fed. R. Crim. P.3)

2. A deputy who has arrested an offender without a warrant or who seeks a warrant is obliged to file a complaint.

3. If, from a complaint or affidavit filed with a complaint, the magistrate judge feels that there is probable cause to believe that an offense has been committed and that the named person committed it, the magistrate judge may issue an arrest warrant to any officer authorized to serve warrants to make arrests.

G. **Execution of Arrest Warrant:** Rule 4 of the Federal Rules of Criminal Procedure requires that warrants be executed by a United States Marshal or by some other officer authorized by law. The warrant may be executed at any place within the jurisdiction of the United States.

H. **Entry into a Private Dwelling**

1. When the investigation develops information that the fugitive is located in a specific private premises, entry into the premises may be accomplished in any of the following ways:

    a. With voluntary consent of the person in possession or control of the premises.

    b. (b)(7)(E)

        (1) consent, and/or

        (2) a warrant, and/or

        (3) probable cause to make legal entry.

    c. Without an arrest warrant if the deputy has probable cause to make the arrest and "exigent circumstances" exist.

    d. With an arrest warrant, if the residence is that of the fugitive and the deputy has reasonable belief that the subject is inside, forced entry may be used. (See Payton v New York, 445 U.S. 573,603) If there is an independent showing that the subject of an arrest warrant is located within a third party residence, absent exigent circumstances, a search warrant should be obtained before gaining entry. (See Steagald v. United States, 451 U.S. 204 (1981)). If the subject fugitive is in the residence of a crime partner and it is believed that evidence of the crime is also present, a search warrant should be obtained before gaining entry. Evidence of third party crime may be seized if it is in plain view from a position where the DUSM has a lawful right to be.

**State Law Arrests**

A. **Purpose:** To set out U.S. Marshals Service (USMS) policy relating to Deputy U.S. Marshals who make arrests for state law violations (including the District of Columbia and U.S. territories) committed in their presence.

B. **Authority:** The Director's authority to supervise the USMS and issue written directives is set forth in 28 C.F.R. § 0.111 and 28 U.S.C. § 561(g). Additionally, authority for USMS task force members to take action relating to state crimes is derived from the Attorney General's National

Exhibit A

Anti-Violent Crime Initiative.

C. **Policy:** If a Deputy U.S. Marshal, who is in possession of their badge, credentials, and authorized weapon, witnesses a violation of state law which could result in death or physical injury to a person, the Deputy is authorized and has the discretion to take reasonable action as a law enforcement officer to prevent the crime or apprehend the violator.

1. This applies to Deputy U.S. Marshals who are on or off duty.

2. This applies only to situations where there is an immediate need to arrest the person to prevent his/her escape, to prevent additional violations from occurring or to prevent physical injury or death.

3. This does not authorize Deputy U.S. Marshals to take action relating to traffic violations (including DUI), misdemeanors, other minor offenses, or felonies (such as embezzlement) or domestic disputes which clearly will not result in death or serious physical injury to a person.

4. In some states, legislative authority exists for a deputy to intervene in certain types of state crimes as a peace officer rather than as a private citizen. Of greater significance in terms of potential personal liability, however, is the issue of whether intervention by a deputy in a particular non-Federal crime falls within the scope of employment. While a determination as to legal representation will depend on the facts and circumstances of each case, the USMS will recommend that the Department of Justice provide representation to deputies who reasonably intervene in state law violations.

D. **Procedures:** When initiating a state law arrest as authorized, an announcement of "Police, U.S. Marshal" will be made followed by other necessary verbal commands. The arresting deputy will properly identify themselves by exhibiting a badge or credentials and stating the purpose for the arrest.

1. The Deputy U.S. Marshal responsible for the arrest will do the following:

    a. Request medical assistance if needed

    b. Prior to any interrogation, advise the arrested person of his/her rights (Miranda)

    c. Notify the local law enforcement agency and relinquish custody of the arrestee

    d. Preserve any related evidence

    e. Advise his/her immediate supervisor of the arrest

    f. Assist the local law enforcement agency (LEA) in reporting the incident and prosecuting the violator

2. The appropriate USMS policies and procedures will be followed when making an arrest under this directive.

E. **Responsibilities**

1. **Deputy U.S. Marshal:** The arresting deputy will complete a USM-11, *Report of Investigation*, and submit the report to the immediate supervisor as soon as practical. A copy of the LEA preliminary report(s) and the USM-11 will be forwarded to the Chief Deputy U.S. Marshal.

F. **Definitions**

1. **Arrest:** An arrest is the seizure of a person by the use of some physical force or by the display of official authority, to which the person submits, with the result that he or she is taken into custody.

2. **Discretion:** The freedom or power to act or judge on one's own.

**Department of State Guidelines Regarding Foreign Nationals Arrested or Detained in the United States**

A. In accordance with Department of State guidelines, the United States is obligated under international treaties and customary international law to notify foreign authorities when foreign nationals are arrested or otherwise detained in the United States.

1. Immediately inform the foreign national of his or her right to have his or her Government notified concerning the arrest/detention.

2. If the foreign national asks that such notification be made, do so without delay by informing the nearest consulate or embassy.

3. In the case of certain countries, such notification must be made without delay regardless of whether the arrestee/detainee so wishes. For the list of mandatory countries check the following link: http://travel.state.gov/law/consular/consular_5125.html or for more information on the responsibilities of federal, state, and local law enforcement regarding foreign nationals and the rights of consular officials to assist them refer to http://travel.state.gov/law/consular/consular_5125.html.

4. Foreign consular officials have the right to visit their arrested/detained nationals unless the arrestee/detainee objects to such visits.

5. Personnel should check with the USMS Office of General Counsel as well as with the Department of State.

**Effective Date:**             **By Order of:**

05-06-2008                    /S/

                              Brian R. Beckwith
                              Deputy Director
                              U.S. Marshals Service